IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CR-52-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| JOSE MANUEL-CALIXT MENDEZ, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for reduction of sentence pursuant to the First Step Act of 2018 (DE 163). The government responded in opposition and in this posture the issues raised are ripe for ruling. For the reasons stated below, the court denies the motion.

## BACKGROUND

On June 7, 2010, defendant pleaded guilty, without a written plea agreement, to conspiracy to distribute and possess with intent to distribute 5,000 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, three counts of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and two counts of distribution of 50 grams or more of cocaine base, also in violation of 21 U.S.C. § 841(a)(1). The court held defendant's sentencing hearing on January 14, 2011. The presentence investigation report, which the court adopted, determined defendant's Guidelines range was 188 to 235 months' imprisonment, based on offense level 36 and criminal history category I. Defendant's offense level was based in part on distribution of over 52 kilograms of cocaine, 551.6 grams of cocaine base, 5,000 pounds of marijuana, and enhancement for managerial or supervisory role in the offense. The court sentenced defendant to 210 months' imprisonment and five years' supervised released on all counts, to run concurrently.

Defendant noticed appeal of the judgment on January 20, 2011.  On July 5, 2012, the Untied States Court of Appeals for the Fourth Circuit vacated defendant's sentence and remanded for resentencing.  On December 5, 2012, the court adopted the findings of the of the original presentence investigation report (set forth above), and resentenced defendant to 188 months' imprisonment and five years' supervised release on all counts, to run concurrently.  The Fourth Circuit affirmed the amended judgment on direct appeal.

On October 19, 2015, defendant moved for reduction of sentence pursuant to Amendment 782 to the Guidelines, which retroactively reduced the base offense level for offenses involving cocaine base.  The court granted the motion and reduced defendant's custodial sentence to concurrent terms of 155 months' imprisonment on all counts.

Defendant filed the instant motion for reduction of sentence pursuant to the First Step Act on August 8, 2019.  The government responded in opposition on August 21, 2019.  Defendant replied on September 18, 2019.

**COURT'S DISCUSSION**

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.  The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum."  Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372).  The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base.  Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3,

2010.  See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants who committed their offenses before August 3, 2010.  Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020).  Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Id. § 404(b).  The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010."  Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria.  Id. § 404(c).  Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits.  Id.

Here, defendant is eligible for relief where the statutory penalties for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base were modified by section 2 of the Fair Sentencing Act, defendant committed the offense before August 3, 2010, and he is not otherwise excluded from seeking relief under the Act.  First Step Act § 404(a); Gravatt, 953 F.3d at 259-60.  The court thus turns to whether it should exercise its discretion to reduce defendant's sentence.

The court declines to reduce to defendant's sentence in these circumstances. The revised statutory penalties do not affect defendant's Guidelines range, which remains 151 to 188 months' imprisonment. (PSR Modification (DE 167)). Defendant's egregious offense conduct fully justifies a sentence of 151 months' imprisonment and five years' supervised release based on his managerial role in an offense involving distribution of 52 kilograms of cocaine, 551.6 grams of cocaine base, 5,000 pounds of marijuana.

Defendant argues the court should vary downwardly from the Guidelines based upon the 18 U.S.C. § 3553(a) factors, particularly defendant's post-sentencing conduct. The court has considered fully defendant's exemplary post-sentencing conduct, which includes clear disciplinary conduct, taking numerous educational and vocational training classes, and consistent employment. These factors, however, do not justify a downward variance from the Guidelines for the reasons discussed above.

Having evaluated the instant motions under the § 3553(a) factors, and considering specifically defendant's offense conduct and his rehabilitation efforts in custody, the court finds the current sentence remains necessary to reflect the seriousness of the offense and afford adequate deterrence to criminal conduct.

## CONCLUSION

Based on the foregoing, defendant's motion to reduce sentence pursuant to the First Step Act (DE 163) is DENIED.

SO ORDERED, this the 15th day of December, 2020.

LOUISE W. FLANAGAN
United States District Judge